1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | **TYLYNNE B. HENRY,**            ) | **1:10-CV-01922 AWI MJS** |
| 11 |       **Plaintiff,**    ) | **ORDER GRANTING UNITED** |
| |     **v.**             ) | **STATES' MOTION TO** |
| 12 |             ) | **DISMISS** |
| 13 | **DOCTORS MEDICAL CENTER OF**  ) | |
| | **MODESTO, INC., MEMORIAL**    ) | **(Document #4)** |
| | **HOSPITAL FOUNDATION OF**     ) | |
| 14 | **STANISLAUS COUNTY, GOLDEN**  ) | |
| | **VALLEY HEALTH CLINICS,**     ) | |
| 15 | **DR. CHAN M.D., and individual, and** ) | |
| | **DOES 1 through 10, inclusive,**    ) | |
| 16 |             ) | |
| |       **Defendants.**    ) | |
| 17 | _____) | |

18

19 **BACKGROUND**

20      On April 2, 2010, Plaintiff Tylynne B. Henry ("Plaintiff") filed a complaint in the

21 Superior Court of the State of California, County of Stanislaus.    The complaint names as

22 Defendants Doctor's Medical Center of Modesto, Inc., Memorial Hospitals Foundation of

23 Stanislaus County, Golden Valley Health Centers, Dr. Edward Chan, and Does 1 through 50.

24 The complaint alleges that Defendants negligently cared for, diagnosed, and treated Plaintiff, and

25 failed to exercise the standard of care and skill ordinarily and reasonably required to properly

26 diagnose and treat Plaintiff.

27      On October 14, 2010, the United States removed the action to this court pursuant to 42

28 U.S.C. § 233(c) because the complaint alleges injury resulting from the performance of medical

1  functions by an employee and agency of the Public Health Service authorized by the Federally

2  Supported Health Centers Assistance Act ("FSHCAA").   Jurisdiction is appropriate under 28

3  U.S.C. § 1346 because the United States is a Defendant.

4        On October 14, 2010, the United States substituted into this action as Defendant in place

5  of Golden Valley Health Centers, its employees, and Defendant Dr. Edward Chan.   The United

6  States provided a certification that these Defendants were employees of Public Health Service

7  pursuant to FSHCAA and were acting in the scope of such employment at the time of the

8  incident.   As such, substitution is appropriate pursuant to 28 U.S.C. § 2679(d)(1).

9        On October 19, 2010, the United States filed a motion to dismiss for lack of jurisdiction.

10  The United States contends that Plaintiff failed to comply with the Federal Tort Claims Act

11  ("FTCA") prior to filing this action.

12        Plaintiff did not file an opposition or non-opposition to the United States' motion to

13  dismiss.

14                                    **LEGAL STANDARD**

15        Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack

16  of subject matter jurisdiction.   It is a fundamental precept that federal courts are courts of limited

17  jurisdiction.   Limits upon federal jurisdiction must not be disregarded or evaded.   Owen

18  Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).   The plaintiff has the burden to

19  establish that subject matter jurisdiction is proper.   Kokkonen v. Guardian Life Ins. Co., 511 U.S.

20  375, 377 (1994); Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir.

21  2010).   This burden, at the pleading stage, must be met by pleading sufficient allegations to show

22  a proper basis for the court to assert subject matter jurisdiction over the action.   McNutt v.

23  General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

24        A defendant may attack the existence of subject matter jurisdiction based on facts outside

25  pleadings.   Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); White v. Lee,

26  227 F.3d 1214, 1242 (9th Cir. 2000).   "[I]n a factual attack, the challenger disputes the truth of

27

28                                2

1   the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air, 373

2   F.3d at 1039.  Once the moving party has converted the motion to dismiss into a factual motion

3   by presenting affidavits or other evidence properly brought before the court, the party opposing

4   the motion must furnish affidavits or other evidence necessary to satisfy its burden of

5   establishing subject matter jurisdiction. Safe Air,  373 F.3d at 1039;  Savage v. Glendale Union

6   High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).   In

7   resolving a factual attack on jurisdiction, the district court may review evidence beyond the

8   complaint without converting the motion to dismiss into a motion for summary judgment. Safe

9   Air,  373 F.3d at 1039.  "No presumptive truthfulness attaches to plaintiff's allegations, and the

10  existence of disputed material facts will not preclude the trial court from evaluating for itself the

11  merits of jurisdictional claims."  Thornhill Publishing, 594 F.2d at 733.

## FACTS

13        Defendant United States has filed a Certificate of Scope of Federal Employment that

14  states Dr. Chan and Golden Valley Health Centers, a federally supported health center, were

15  acting in the scope of their federal employment at the time of the incidents alleged in the

16  complaint.   As such, the United States was substituted as a proper party in place of Dr. Chan and

17  Golden Valley Health Centers.

18        Defendant United States has provided evidence that Plaintiff has not filed an

19  administrative claim with the United States Department of Health & Human Services ("HHS").

20  Plaintiff has neither opposed Defendant United States' motion nor provided evidence that

21  Plaintiff has filed an administrative claim.

## DISCUSSION

23        The FTCA provides the exclusive remedy for "injury or loss of property, or personal

24  injury or death arising or resulting from the negligent or wrongful act of omission of any

25  employee of the Government while acting within the scope of his office or employment . . . ."  28

26  U.S.C. § 2679(b)(1).   Title 42 U.S.C. § 233(a) provides that the FTCA is the exclusive remedy

27

28                                                  3

1 against the United States for personal injury arising from actions by members of the Public

2 Health Service.  The FTCA's coverage extends to employees of designated federally supported

3 medical clinics.  42 U.S.C. § 233(g).

4     The FTCA bars claimants from seeking damages against the United States in federal

5 court until they have exhausted their administrative remedies.  28 U.S.C. § 2675(a); <u>McNeil v.</u>

6 <u>United States</u>, 508 U.S. 106, 113 (1993); <u>Ibrahim v. Department of Homeland Sec.</u>,538 F.3d

7 1250, 1258 (9th Cir. 2008); <u>Jerves v. United States</u>, 966 F.2d 517, 518-19 (9th Cir.1992).

8     An action shall not be instituted upon a claim against the United States for money
damages for injury or loss of property or personal injury or death caused by the

9 negligent or wrongful act or omission of any employee of the Government while
acting within the scope of his office or employment, unless the claimant shall

10 have first presented the claim to the appropriate Federal agency and his claim
shall have been finally denied by the agency in writing and sent by certified or

11 registered mail.  The failure of an agency to make final disposition of a claim
within six months after it is filed shall, at the option of the claimant any time

12 thereafter, be deemed a final denial of the claim for purposes of this section.

13 28 U.S.C. § 2675(a).  This exhaustion requirement is jurisdictional, and it must be strictly

14 adhered to.  <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000).  The court is not allowed

15 to proceed in the absence of a plaintiff's fulfillment of the FTCA's conditions merely because

16 dismissal would visit a harsh result upon the plaintiff.  <u>Vacek v. U.S. Postal Service</u>, 447 F.3d

17 1248, 1250 (9th Cir. 2006).

18     Defendant United States provides evidence that as of September 1, 2010, Plaintiff had not

19 filed an administrative tort claim relating to Golden Valley Health Centers or Dr. Edward Chan.

20 Plaintiff has not provided any evidence showing that she did file a tort claim.   In fact, Plaintiff

21 did not even file an opposition to Defendant United States' motion.   Based on the evidence

22 before the court, Plaintiff has failed to exhaust her administrative remedies before filing this

23 action.   Thus, the court lacks subject matter jurisdiction over Plaintiff's claims against

24 Defendant United States.

25 //

26

27

28        4

**ORDER**

Accordingly, the court ORDERS that:

1.      Defendant United States' motion to dismiss is GRANTED;

2.      Defendant United States, sued as Golden Valley Health Clinics and Dr. Edward Chan, is DISMISSED from this action.

IT IS SO ORDERED.

Dated:    November 23, 2010                   _____

CHIEF UNITED STATES DISTRICT JUDGE

5