# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLENNE B. HENRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DOCTORS MEDICAL CENTER OF MODESTO, INC., et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:10-cv-1922-AWI-MJS<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO REMAND<br><br>(ECF No. 8)<br><br>CLERK SHALL TRANSMIT CASE TO SUPERIOR COURT OF STANISLAUS COUNTY AND CLOSE THIS CASE |

## I. PROCEDURAL BACKGROUND AND FACTS

On April 2, 2010, Plaintiff Tylynne B. Henry ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of Stanislaus. The Complaint named as Defendants Doctor's Medical Center of Modesto, Inc., Memorial Hospitals Foundation of Stanislaus County, Golden Valley Health Centers, Dr. Edward Chan, and Does 1 through 50. The Complaint alleges that Defendants negligently cared for, diagnosed, and treated Plaintiff, and failed to exercise the standard of care and skill ordinarily and reasonably required to properly diagnose and treat Plaintiff.

On October 14, 2010, the United States[1] removed the action to this Court pursuant to 42 U.S.C. § 233(c) because the complaint alleges injury resulting from the performance of medical functions by an employee and agency of the Public Health Service authorized by the Federally Supported Health Centers Assistance Act ("FSHCAA").  Jurisdiction was appropriate under 28 U.S.C. § 1346 because the United States was a Defendant.

On October 19, 2010, the United States filed a Motion to Dismiss for lack of jurisdiction on the ground that Plaintiff had failed to comply with the Federal Tort Claims Act ("FTCA") prior to filing the action.  On November 23, 2010 the Court entered its order granting the United States' Motion to Dismiss and dismissing the United States (sued as Golden Valley Health Clinic and Dr. Edward Chan) from the action.

On January 7, 2011, Defendant  Doctors Medical Center of Modesto, Inc. filed this motion to remand this case to the California Superior Court on the ground that the United States having been dismissed as a party, the Federal Court no longer had subject matter jurisdiction over the case.  Plaintiff did not file an opposition or non-opposition to the motion to remand.

## II.     ANALYSIS

Defendants move for remand arguing that, because the United States was dismissed from this action, the Court no longer has jurisdiction over the case. (Def.'s Mot. To Remand (ECF No. 9), p. 4.)

Because the claims against the federal defendant have been dismissed in this case,

---

[1] On October 14, 2010, the United States substituted into this action as Defendant in place of Golden Valley Health Centers, its employees, and Defendant Dr. Edward Chan. The United States provided a certification that these Defendants were employees of Public Health Service pursuant to FSHCAA and were acting in the scope of such employment at the time of the incident. As such, substitution was found appropriate pursuant to 28 U.S.C. § 2679(d)(1).

there is no remaining independent basis for federal jurisdiction. While the Court has the discretion to exercise its supplemental jurisdiction over the state law claims, see 28 U.S.C. § 1367, the Supreme Court has held that when all federal claims are eliminated early in a case, a district court has "a powerful reason to choose not to continue to exercise its jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348 (1988); see 28 U.S.C. § 1367(c)(3). Indeed, "it is generally preferable for a district court to remand remaining pendent claims to state court." Harrell v. 20th Century Ins., Co., 934 F.2d 203, 205 (9th Cir. 1991); see 28 U.S.C. § 1447(c).

The instant Motion to Remand is unopposed. Accordingly, no party has asked the Court to exercise its supplemental jurisdiction over the remaining state law claims. Considering the facts of this case, the Court declines to exercise its supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). The remaining state law claims will be remanded to Stanislaus County Superior Court. See Jacobs v. Castillo, 612 F.Supp.2d 369, 375 (S.D.N.Y. 2009) (where federal defendants are dismissed from FTCA cases, "remanding the non-federal actions to state courts is perfectly appropriate under § 1367(c)(3).").

### III.  CONCLUSION AND ORDER

For the reasons stated above, the Court ORDERS that:

1. Defendant Doctors Medical Center of Modesto, Inc.'s Motion to Remand is GRANTED;

2. This case is remanded to the Stanislaus County Superior Court; and

////
////

   3.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated: March 21, 2011    /s/ *Michael J. Seng*
              UNITED STATES MAGISTRATE JUDGE